

IN THE
TENTH COURT OF APPEALS

No. 10-19-00040-CV

MATTHEW MARK HESLEP,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2008-1531-C1

MEMORANDUM OPINION

Appellant, Matthew Mark Heslep, attempts to appeal from an August 24, 2018 withdrawal order entered by the trial court. On March 13, 2019, by memorandum opinion, this Court dismissed Heslep's appeal. *See generally Heslep v. State*, No. 10-19-00040-CV, 2019 Tex. App. LEXIS 1997 (Tex. App.—Waco Mar. 13, 2019, no pet.) (mem. op.). In an order issued on April 10, 2019, we reinstated the case. *See generally Heslep v. State*, No. 10-19-00040-CV, 2019 Tex. App. LEXIS 3056 (Tex. App.—Waco Apr. 10, 2019,

order) (reinstating this case after dismissal for failure to pay the filing fee for this appeal).

In reinstating the case, we stated the following in our April 10, 2019 order:

> Even if this order is an appealable order under *Harrell*, *see Harrell v. State*, 286 S.W.3d 315 (Tex. 2009), more than ninety days have passed from the signing of the order; thus, it appears that Heslep's notice of appeal dated February 1, 2019 is untimely under the extended period of Texas Rule of Civil Procedure 306a. *See* TEX. R. CIV. P. 306a.

Accordingly, we notified Heslep that this appeal may be dismissed unless, within twenty-one days from April 10, 2019, a response was filed showing grounds for continuing the appeal.

More than twenty-one days later, on June 17, 2019, Heslep filed a response, arguing that this appeal should be treated as a restricted appeal, which extends the filing deadline for his notice of appeal to within six months from the date the order was signed. *See* TEX. R. APP. P. 26.1(c), 30. In making this argument, Heslep asserted that his notice of appeal was filed within six months of the complained-of August 24, 2018 "order" and that neither he nor his counsel "was present during the action that is being complained of."[1] He did not, however, address whether or not the withdrawal "order" is an appealable order under *Harrell*. *See Harrell v. State*, 286 S.W.3d 315, 315 n.1 (Tex. 2009) (noting that a "withdrawal order" is actually a notification from the court, not an order); *see also In re Ocon*, No. 11-18-00007-CR, 2018 Tex. App. LEXIS 598, at *2 (Tex. App.—

---

[1] Because we dismiss this case on other grounds, we do not express an opinion as to whether this proceeding should be treated as a restricted appeal, as Heslep argues.

Eastland Jan., 19, 2018, orig. proceeding) (mem. op.) ("[A]n order ruling on a motion to strike or rescind an order to withdraw inmate funds would be appealable." (citing *Harrell*, 286 S.W.3d at 321))); *Kelley v. State*, No. 10-17-00169-CR, 2018 Tex. App. LEXIS 61, at *6 (Tex. App.—Waco Jan. 3, 2018, no pet.) (mem. op.) ("And because the document contemplated in section 501.014(e) is merely a notification to TDCJ, the 'order' to withdraw fund is not a final, appealable order; therefore, . . . this Court lacks jurisdiction to address a complaint about an 'order' to withdraw funds.").

Therefore, by formal order issued on July 10, 2019, we notified Heslep that, pursuant to Texas Rules of Appellate Procedure 42.3 and 44.3, this case is subject to dismissal because it does not appear that the withdrawal "order" is an appealable order. We further notified Heslep that this appeal would be dismissed unless, within twenty-one days from July 10, 2019, Heslep filed a response showing grounds for continuing the appeal.

More than twenty-one days have passed, and Heslep has not responded to our July 10, 2019 order. Therefore, pursuant to Texas Rules of Appellate Procedure 42.3(c) and 44.3, we dismiss this appeal.[2] *See* TEX. R. APP. P. 42.3(c), 44.3.

JOHN E. NEILL
Justice

[2] In light of our disposition, all pending motions are dismissed as moot.

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Appeal dismissed
Opinion delivered and filed August 28, 2019
[CV06]

